UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER CRAIGG,

        Petitioner,

v.                                                                Case No. 09-C-801

J. GRONDOLSKY,

        Respondent.

**ORDER**

On August 18, 2009, Peter Craigg filed this petition on a form for habeas relief under 28 U.S.C. § 2254. Craigg was sentenced by this Court to 120 months of custody, and he is serving his time in a federal prison. From his petition and brief, it is clear that he is attacking his counsel's performance in his federal case. As such, I construe the petition as arising under § 2255 rather than § 2254. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

According to Craigg's brief, (he does not attach a copy of the warrant) a confidential informant ("CI") provided marked currency to a woman named Kay Cruz. Cruz then drove to 1215 B Marshall Street, Manitowoc, on January 10, 2007, where a woman later identified as Joy Ayotte

entered her car. They drove around for ten or fifteen minutes, after which Ayotte left the vehicle. Cruz then met with the CI and turned over the crack cocaine she had purchased from Ayotte. The following day, January 11, 2007, Cruz again purchased crack cocaine from Ayotte under police surveillance, but this time they only drove around the block after Cruz picked Ayotte up at her apartment. Based on these controlled buys, police sought a search warrant for Ayotte's residence the following day, January 12, 2007, and a Manitowoc County judge issued one. Craigg was staying at that address at the time of the search. The search uncovered crack cocaine and large sums of cash, including several of the marked bills. Craigg and Ayotte were arrested. Craigg was subsequently prosecuted by federal authorities and pled guilty to one count of maintaining a place for the manufacture and distribution of a controlled substance, in violation of 21 U.S.C. § 856, and I sentenced Craigg to 120 months' incarceration. Craigg appealed, but his counsel filed a no-merit brief in the Seventh Circuit, and that Court found no error.

He now alleges ineffective assistance of counsel and claims that counsel should have filed a motion to suppress. Although Fourth Amendment issues are not generally cognizable in collateral attacks, Fourth Amendment issues may be raised in the context of ineffective assistance claims. Craigg analogizes his case to that of the petitioner in *Owens v. United States,* 387 F.3d 607 (7th Cir. 2004). He asserts that, as in *Owens*, his counsel should have sought to suppress the evidence on the basis that the searched residence was actually Craigg's. If counsel would have made such an argument, Craigg asserts, he would have been able to suppress the cocaine found in Ayotte's apartment.

But in *Owens* it was not simply a matter of whose house had been searched. The warrant in *Owens* was described as being "based on a barebones affidavit" setting forth a vague assertion

2

that an informant had bought some unknown quantity of crack from Owens several months earlier. *Id.* at 607. The search warrant was thus defective, in the Seventh Circuit's view, and if Owens' counsel had conceded that the home was Owens' then it would have been a successful suppression motion and Owens would have walked.

Here, however, even if the residence were Craigg's (the evidence he has attached to his petition suggests otherwise) there is no indication that a suppression motion would have been successful. Craigg asserts that the search warrant was defective because there was not enough evidence linking the controlled buys to the address that was searched. Because the buys occurred while Ayotte and Cruz were driving in Cruz's car, he asserts, they could have obtained the cocaine from any number of sources, such as a neighbor's house. This is especially true, Craigg alleges, because at least on the first occasion they spent ten or fifteen minutes driving around, and they were not under surveillance while they were driving.

These are not persuasive grounds for undermining the search warrant, however. A search warrant is issued upon probable cause, not proof beyond a reasonable doubt. From Craig's description of the factual basis for the warrant, investigators conducted two controlled buys of crack cocaine from Ayotte using prerecorded U.S. currency on consecutive days and on the third day obtained a warrant to search her apartment. Regardless of where the drugs were stored, there was probable cause to search Ayotte's residence for the currency used in the transactions. And since the second transaction was completed in the time it took Cruz to drive around the block, there was good reason to believe that Ayotte was storing the crack in her apartment. Based on the information Craig admits the warrant was based on it was reasonable for the issuing judge to conclude that Ayotte's residence – in front of which Cruz picked her up before each transaction – would contain

3

evidence of her drug sales. It is likely that law enforcement officials believed that their driving around for several minutes could have been a cover, as opposed to Ayotte operating a "drive up window" in front of her house, an obvious marker of illegal activity. Thus, there was no reason for law enforcement or the issuing judge to believe that there was some other source for the drugs and that Ayotte's residence would not yield evidence of illegal activity. Accordingly, it would not have mattered if Craigg's counsel had argued that Craigg was living in the residence at the time because a motion to suppress would have been denied. Because all of Craigg's other claims (voluntariness of the plea, ineffective assistance of appellate counsel) rely on this line of argument, the petition will be dismissed in its entirety.

Petitioner also filed with his petition an application for leave to proceed *in forma pauperis*. Because there are no district court filing fees in § 2255 cases, the motion is **DENIED** as unnecessary.

The motion to vacate under 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED**.

**SO ORDERED** this   24th    day of August, 2009.

            s/ William C. Griesbach
            William C. Griesbach
            United States District Judge

4

Case 1:09-cv-00801-WCG   Filed 08/24/09   Page 4 of 4   Document 5