UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PETER CRAIGG,

      Petitioner,

v.                                                                            Case No. 09-C-801

J. GRONDOLSKY,

      Respondent.

## ORDER

On August 18, 2009, Peter Craigg filed this petition on a form for habeas relief under 28 U.S.C. § 2254. I construed the motion as being brought under § 2255 and dismissed the petition. He now requests a Certificate of Appealability ("COA"). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, the appellant must demonstrate that reasonable jurists could debate whether this challenge in her habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further. *See Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).

The basis for his request for a COA is that trial counsel should have moved to suppress the evidence on the grounds that the home searched belonged to Ayotte, a woman the police suspected of selling the drugs in question. This is in contrast to his habeas petition, in which he argued that counsel should have argued that the home belonged to *him*. Because the COA request makes little

sense as written, I construe the request for a COA as a request to proceed on appeal with the same issue argued originally.

Although I ruled against him on Rule 4 screening, I conclude that reasonable jurists could debate the question and that petitioner has shown his Sixth Amendment right to counsel would have been violated if counsel had performed ineffectively. Accordingly, a COA is granted on the ineffective assistance issue.

**SO ORDERED** this   23rd   day of October, 2009.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge